### CHOJNACKI v. INTERBOROUGH RAPID TRANSIT CO.

(Supreme Court, Appellate Term, First Department.   January 9, 1913.)

MASTER AND SERVANT (§ 270*)—INJURY TO SERVANT—ADMISSION OF EVIDENCE.

    In an employé's action for injuries from the falling of a coal hopper lid, which became disengaged from the hook which held it open, it was error to exclude evidence of the condition of the hook before and after the accident.

    [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 913–927, 932; Dec. Dig. § 270.*]

Appeal from City Court of New York, Trial Term.

Action by John Chojnacki against the Interborough Rapid Transit Company.  From a judgment for defendant, dismissing the complaint, plaintiff appeals.  Reversed, and new trial ordered.

See, also, 76 Misc. Rep. 427, 134 N. Y. Supp. 1090.

Argued December term, 1912, before SEABURY and GERARD, JJ.

Otto H. Droege, of New York City, for appellant.

James L. Quackenbush, of New York City (John Montgomery, of New York City, of counsel), for respondent.

GERARD, J.  Plaintiff was employed by the defendant at its power house.  It was part of his duties to clean the fires, and allow the coal to pass into the fires through an upright tube or chute, which was connected above with a hopper.  On the hopper, or box, was a lid, which, when opened, allowed the passage of the coal; when closed, shut off its passage.  When open, this lid was kept open by a hook, which was inserted in a hole in the lid.  Sometimes the coal did not pass through the chutes, and it became necessary for plaintiff to shake the coal and chute.

On the occasion in question, the coal not running, plaintiff took a bar and shook and hit the coal chute.  The hook holding the lid open became disengaged from the hole in the lid, and the lid fell, injuring plaintiff's hand.  Plaintiff testified that when he first went to work the hook had a curved part of about two inches, and that

about half of this went into the hole in the door. Plaintiff was asked the following question: .

"Q. Describe the end of that hook, the part that hooks to the iron bar? A. The bent part of the hook was about an inch, and at the end of it about half of the bent part was off."

This answer was stricken out. Objections were sustained to similar questions, by which plaintiff's counsel sought to show the condition of the hook before and after the accident. Testimony as to the happening of previous accidents at the same machine and hook was also excluded. As the plaintiff was not allowed to put in testimony describing the condition of the hook, and on which condition the whole action hinged, the judgment appealed from must be reversed, with costs, and a new trial had.

The question raised by the defendant as to whether this case falls under the provisions of the Employer's Liability Act, etc., can be better raised after plaintiff has been allowed to prove what conditions existed at the time of the accident.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.

SEABURY, J., concurs.